UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1975

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>SYDAN, L.P.,<br>Defendant. | Civ. ( )( ) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 1 1 2009

**FINAL CONSENT JUDGMENT AS TO SYDAN, L.P.**

The Securities and Exchange Commission having filed a Complaint against Defendant Sydan, L.P., seeking injunctive and other equitable relief, and civil monetary penalties, charging the Defendant with (a) violations of Chicago Stock Exchange ("CHX") Article 9, Rule 17 (Personal Selling and Purchasing Prohibited) (formerly Article IX, Rule 5) and CHX Article XXX, Rule 2 (Precedence to Orders in Book) (prior to its repeal effective September 29, 2006); and (b) violations of Section 17(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78q(a)(1), and Rule 17a-3 thereunder, 17 C.F.R. § 240.17a-3, and Defendant having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from willfully engaging, directly or indirectly, in acts, practices or transactions, or enacting policies, that result in trading in the Defendant's proprietary account while holding an unexecuted customer market or marketable limit order for the same security, on the same side of the market, while executing trades on the CHX in violation of CHX Article 9, Rule 17 (Personal Selling and Purchasing Prohibited).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(1) of the Exchange Act, 15 U.S.C. § 78q(a)(1), and Rule 17a-3 thereunder, 17 C.F.R. § 240.17a-3, by failing to make and keep for prescribed periods such records, to furnish such copies thereof, and to make, disseminate and file the reports required by such section and the rules thereunder, which set forth requirements concerning records and reports required to be made and preserved by certain exchange members, brokers and dealers.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $2,500,000, as a result of the conduct alleged in the Complaint. Based on Defendant's sworn representations in its Statement of Financial Condition dated November 2006, December 2007 and March 2008, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $1,115,000 of the disgorgement is waived. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph IV below by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. All payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Sydan, L.P., as the Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

The determination not to impose a civil penalty and to waive payment of all but $1,115,000 of the disgorgement is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the

Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay $1,115,000 in 3 installments according to the following schedule: (1) $371,666.66 within ten (10) business days of the entry of this Final Judgment plus post-judgment interest thereon pursuant to 28 U.S.C. 1961; (2) $371,666.66 within one hundred and eighty (180) calendar days of the entry of this Final Judgment plus post-judgment interest thereon pursuant to 28 U.S.C. 1961; and (3) $371,666.66 within three hundred sixty (360) calendar days of the entry of this

Final Judgment plus post-judgment interest thereon pursuant to 28 U.S.C. 1961. In the event that a payment date falls on a Saturday, Sunday or Federal holiday, such payment shall be made no later than the next business day immediately thereafter.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, shall become due and payable immediately without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**CONSENT OF DEFENDANT SYDAN, L.P.**

1. Defendant Sydan, L.P. ("Defendant"), waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from (i) violations of Chicago Stock Exchange ("CHX") Article 9, Rule 17 (Personal Selling and Purchasing Prohibited); and (ii) violations of Section 17(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78q(a)(1), and Rule 17a-3 thereunder, 17 C.F.R. § 240.17a-3; and

(b) orders defendant to pay disgorgement in the amount of $1,115,000.

3. Defendant acknowledges that the Court is not imposing a civil penalty or requiring payment of an additional $1,385,000 of disgorgement based on Defendant's sworn representations in Defendant's Statement of Financial Condition dated November 2006, December 2007 and March 2008, and other documents and information submitted to the Commission. Defendant further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning Defendant's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations

were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement or pre-judgment or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

4. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that cntry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims

asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and

subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Sydan, L.P.

By: Sydan L.L.C.
Title: General Partner
Address: 440 South LaSalle Street, Suite 2301
Chicago, Illinois 60605

By: ______________________
Daniel S. Curran
Manager of Sydan L.L.C.

On December 18, 2008, Daniel S. Curran, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Sydan L.L.C. the General Partner of Sydan, L.P. as its Managing Member.

OFFICIAL SEAL
MARY FRAN CLEARY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/05/12

______________________
Notary Public
Commission expires: 6/5/12

Approved as to form:

______________________
Lola Miranda Hale, Esq.
Epstein Becker & Green, P.C., Attorney for Defendant
150 North Michigan Avenue, 35th Floor
Chicago IL 60601-7553
(312)499-1400

**SO ORDERED.**

______________________
United States District Judge

Dated: March 11, 2009,
New York, New York



THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON ________